IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NIKKOLE MAREE MILLER, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-2181 |
| | : | |
| OLIVER LAROCCO, *et al.*, | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 1st day of June, 2026, upon consideration of Nikkole Maree Miller's *pro se* Complaint (ECF No. 2), Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Oliver LaRocco and Amanda Rosario-Ayala (ECF No. 17), and Miller's Response thereto (ECF No. 22), it is **ORDERED** that:

1.  The Clerk of Court is **DIRECTED** to correct the caption and docket with Defendant Amanda Rosario-Ayala's proper last name.

2.  The Motion to Dismiss filed by Defendants LaRocco and Rosario-Ayala (ECF No. 17) is **GRANTED IN PART AND DENIED IN PART** for the reasons stated in the Court's Memorandum as follows:

    a.  The claims alleged against Defendants LaRocco and Rosario-Ayala for deliberate indifference to a particular vulnerability to suicide are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

    b.  The claim alleging liability under *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658 (1978), is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

    c.  The Motion is otherwise **DENIED**.

2.     Miller's official capacity claims alleged against Defendants LaRocco and Rosario-Ayala are **DISMISSED WITHOUT PREJUDICE**.

3.     Under the circumstances, good cause under Fed. R. Civ. P. 4(m) has been shown to **EXTEND** the time of service on Defendant L. Jennings through the discovery phase.

4.     Miller is given thirty (30) days to file an amended complaint in the event she can allege additional facts to state plausible claims in addition to her claims the LaRocco and Rosario-Ayala were deliberately indifferent to a serious medical need.  Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Miller's claims against each defendant.  The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  **This means that if Miller files an amended complaint, she must reallege ALL claims, including those that have not yet been dismissed, as well as all supporting factual allegations.  If she fails to reallege her deliberate indifference to a serious medical need claim and the facts in support, those claims will be deemed to have been abandoned**.  When drafting her amended complaint, Miller should be mindful of the Court's reasons for dismissing the claims in her initial Complaint as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

5.     Miller may also notify the Court that she seeks to proceed only on the claims currently deemed to be proceeding rather than file an amended complaint.  If she files such a notice, Miller is reminded to include the case number for this case, 25-2181.

6.     If Miller does not file an amended complaint or a notice of her intent to proceed on the present claims **within thirty (30) days**, the Court will enter an appropriate case management order.

BY THE COURT:


*/s/ John M. Gallagher*

**JOHN M. GALLAGHER, J.**